Dear Mr. Vilas:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
In your letter, you state you are presently a candidate for the position of member of Metro Council for Baton Rouge-East Baton Rouge Parish, District 12. You have also recently been appointed to the position of member of the board of directors of the Louisiana Economic Development and Gaming Corporation by Governor Edwards. You inquire whether there is any legal prohibition preventing a person from simultaneously holding these positions.
At the outset, we note the statutory provisions governing dual-officeholding and dual-employment (LSA R.S. 42:61, et. seq.) are inapplicable herein. The Louisiana Economic Development and Gaming Corporation "shall not be a state agency, except as expressly provided in this Chapter." Act 384 of the 1992 Regular Legislative Session; Part I, § 604,; (Emphasis added). Although the provisions of the Louisiana Code of Ethics are expressly applicable to the corporation, its officers and employees, (R.S. 4:611D), § 611D states that the officers and employees shall be considered "public employees" only for the purposes of the Ethics Code, and they are not public employees or officers for the purposes of Dual Officeholding Law.
Language contained in Part III of Act 384 creates the corporation and provides for the appointment of a board of directors which supervise corporate affairs. § 611(E) of Part III of the Act provides for the salary of a director and further states:
 "Members of the board of directors shall be full-time directors of the corporation and shall be entitled to an annual salary fixed by the governor. Members shall be reimbursed by the corporation for reasonable expenses and expenses incurred in performance of their duties. Service on the board shall be full-time employment and no member shall engage in any other occupation or trade for remuneration while serving as a member of the board." (Emphasis added).
The statute prohibits the simultaneous holding of board membership and "any other occupation or trade for remuneration". The question is therefore presented as to whether the position of member of the Metro Council for Baton Rouge-East Baton Rouge Parish is an "occupation" or "trade" for renumeration. We note that these two terms are not defined in the definitional section, R.S. 4:605. In such a case, we are directed by R.S.1:3, relative to the construction of words and terms contained in the Louisiana Revised Statutes, as follows:
"§ 3 Words and phrases, how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word "shall" is mandatory and the word "may" is permissive."
"Webster's Third New International Dictionary, 1976, defines "occupation" as "a principal business of one's life: a craft, trade, profession or other means of earning a living." "Trade" is defined as "the business one practices or the work in which one engages regularly: one's calling: gainful employment: means of livelihood: occupation."
Applying these definitions to the office of Metro Council member we must conclude that the office does not constitute an occupation or trade within the intendment of R.S. 4:611D.
This office is of the opinion that the elected position of Metro Council member does not constitute an occupation or trade within the ambit of coverage of § 611(E). Accordingly, the simultaneous holding of the positions of Metro Council member and member of the board of directors of the Louisiana Economic Development and Gaming Corporation is not prohibited by law.
Should you have further inquiries concerning the foregoing, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KENNETH C. DEJEAN Assistant Attorney General
RPI/KCD/ams/0123E